KELLY *et al.* v. BERNHEIMER *et al.*, appellants.

*Election between defenses — when court cannot compel — fraud and warranty Evidence — statements to agent communicated to principal.*

In an action for the price of some barley defendants set up a breach of warranty and also fraud in representations as to the quality of the barley.   After defendants had given evidence tending to establish each defense the court compelled them to elect between the two.   *Held,* error.   The court has no power to require a defendant to elect upon which of several defenses he will rely when more than one is set up and evidence given tending to prove each of them, unless they are so far inconsistent that both cannot exist in the same transaction.

Defendants averred that on the discovery of the fraud they tendered back the barley and repudiated the transaction, and further alleged that the barley was worth only $1 per bushel, whereas the contract price was $2.   *Held* sufficient to warrant defendant in claiming an allowance .by way of counter-claim of the difference between the purchase price of the barley and its real value.

Kelly v. Bernheimer.

Statements made by plaintiff's agent in the transaction to defendants' agent in respect to the quality of the barley, which were communicated to defendants before the purchase, *held* admissible upon the defense of fraud.

APPEAL from a judgment in favor of plaintiffs entered upon the verdict of a jury.

The action was brought for the price of a quantity of California barley sold by the plaintiffs, Eugene Kelly and Joseph Donahue, to the defendants, Emanuel Bernheimer and Joseph Schmid, in December, 1868. The defendants in their answer made a general denial, and three other defenses called second, third and fourth. The second set up a breach of warranty, that the barley was equal in quality to certain barley bought by the defendants of Scholle brothers. The third set up a breach of warranty, that the barley was fit to be used in brewing, and averred that defendants were brewers and wanted this barley for their business. The fourth set up fraud in representations as to the quality and character of the barley, and averred a tender back of the barley and a repudiation of the transaction, and that the barley was not worth more than one dollar per bushel instead of two dollars, the value represented by plaintiffs. After defendants had rested on the trial of the cause, the court compelled them to elect on which branch of the defense they would rely, and they thereupon, under exception, elected to rely upon the warranty in addition to the general denial. Some exceptions were taken to the admission and exclusion of evidence on the trial which appear in the opinion of the court. The trial was had before Mr. Justice VAN BRUNT and a jury, on December 11, 1871, and resulted in a verdict in favor of plaintiffs for $8,510.37. From the judgment entered thereon defendants make this appeal.

*D. M. Porter*, for appellants. It was error to require defendant to elect between the defenses; plaintiffs by failing to demur had waived their right to such election. *Quintard* v. *Newton*, 5 Robert. 72. The defense could only be removed by motion. *Harsen* v. *Bayaud*, 5 Duer, 656 ; *Ostrom, Receiver, etc.*, v. *Bixby*, 9 How. 57 ; *Hollenbeck* v. *Clow*, id. 290; *Devlin* v. *Platt*, 20 id. 167 ; *Springer* v. *Duyer*, 50 N. Y. 19.

*Martin & Smith*, for respondents. Defendants having rested, no harm resulted from their abandoning the fourth defense, which was

fraud and a rescission. It was no counter-claim for damages for deceit. Defendants had malted some of the barley and sold the rest to a party who had used it, and the defense of a rescission could not prevail. *People* v. *Mauran*, 5 Denio, 389; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Pomeroy* v. *Shaw*, 2 Daly, 267.

DANIELS, J. This action was brought to recover the price of barley sold and delivered by the plaintiffs to the defendants. The defenses relied upon at the trial were, that the barley by the terms of the sale was warranted to be of quality that it proved much inferior to, and that the defendants were induced to purchase it by reason of fraudulent representations made by a person having charge of its sale for the plaintiffs. After the defendants had rested, the court, upon the application of the plaintiffs' counsel, compelled them to elect upon which of their two defenses they would proceed, and after excepting to the decision, they elected to proceed upon the warranty. This required an abandonment of the other defense and of the evidence given, which it might be claimed tended to support it. The court has no power to require defendants to elect upon which of their defenses they will rely where more than one is set forth by the answer, and evidence is given tending to prove their truth, unless they are so far inconsistent that both cannot properly co-exist in the same transaction. That is very manifestly not the case as to the defenses of warranty and fraud in the sale of property, for the vendor may fraudulently misrepresent the nature, quality and condition of the property sold, and at the same time contract for or warrant the existence of the attributes indicated by the representations made. Both may be true, and one does not in any manner merge the existence of the other. In the present case, what transpired before the final contract of sale was made, tended to establish the truth of the defense depending on the fraud, while if the warranty was made at all, it was when the terms of the sale were finally arranged. Both could very well be true, and the claim to maintain them involved neither impropriety nor inconsistency. The court therefore erred in requiring the defendant to elect between the two.

But it is claimed that the defendants were in no way injured by the decision, because the part of the defendants' answer setting up fraud relied upon it simply for a rescission of the sale. This, however, is too narrow a view of the allegations contained

in it. For in addition to the averment that the defendants upon the discovery of the fraud tendered the barley to the owners and repudiated the transaction, "it is further alleged that the barley, at the time of the sale, was not worth over one dollar per bushel." As the purchase price was two dollars per bushel, this was sufficient to show that they had sustained damages by means of the fraud to the extent of the difference between the price and its real value. This was sufficient to warrant the defendants in claiming an allowance by way of counter-claim of the difference on such portion of it as the evidence might sustain the propriety of allowing, particularly as issue was taken upon it by the plaintiffs' reply. The answer was evidently predicated on the intention of claiming the difference shown by it between the value and what should appear to be the price of the barley, in case a rescission of the sale could not be secured, and the reply took issue with it in that view. For it denied every allegation of the answer constituting or intended to constitute a counter-claim. Besides, no objection of this character was taken at the trial to the answer itself, or to the admissibility of any evidence tending in any respect to prove that a fraud had been committed in the sale of the barley. It is quite clear that the ruling requiring the election of the defenses cannot be justified by any deficiencies in the answer. Then the election was not required, for the reason it assumed that both were properly alleged by requiring an election between them, without any objection being made as to the sufficiency of the allegations setting forth the defenses. The evidence tended very decidedly to show that the barley was old and of an inferior quality, unsuited for malting, which was the purpose for which the defendants purchased it, and worth much less than what would have otherwise been its value.

For the purpose of sustaining the defense resting upon the allegations of the fraud, what Tilden, the plaintiffs' agent, in selling it, said concerning its quality, just before the contract was made for its purchase, was admissible in evidence. That was really the only mode in which the fraud could be proved, if in fact it had any existence. For that purpose his statements to Cornell who acted for and represented the defendants, when the barley was being changed from the vessel to the lighter, ought to have been received, as they offered to show that he communicated what was said to the defendant who made the contract for the purchase of the barley, and that he acted upon it in making that purchase. The statement

was at first received and it tended to show that the agent said that the barley was good and new, and that he knew all about it. But the court held that what was said when the barley was being unloaded, and which in fact was just before the purchase, had nothing to do with the case. This was clearly error, and that error is presented for consideration by the exception which was taken to the decision. The statement made contained a misrepresentation, which the evidence tended to show was untrue. And if the agent knew all about the barley, then he knew it was not good or new, if the other evidence as to its quality and condition was entitled to reliance.

The court could not also decide not to permit the defendant, by whose act the purchase was afterward made, to testify that the conversation between Cornell and Tilden was communicated to him, and that he acted upon the statements in making the purchase. This offer was entirely proper, for the evidence, if it had been received, would have tended to show that the defendants' conduct was influenced by the representations. That is always a matter of fact to be proved in support of claims like the one which defendants made, and it may be established by direct as well as by indirect evidence, or both, when that may be within the power of the party. The evidence as to fraud was not of a very decided character, but it was sufficiently so for the consideration of the jury, and the defendants were not prevented from submitting it to them, because it was deemed to be in any respect defective, but simply for the reason that they should elect between the two different defenses which their proof had a tendency to establish. The ruling upon this subject, as well as those relating to the proofs offered by the defendant to establish the defense of fraud, cannot be sustained, and for the reasons already given the judgment and the order denying a new trial should be reversed and a new trial directed, with costs to abide the event.

DAVIS, J. P., and DONOHUE, J., concurred.

*Judgment reversed and new trial ordered.*